May it please the court, I'm Robert Jobe and I'm appearing today on behalf of the petitioner Masa Singh. Although the legislative history of the REAL-ID Act makes crystal clear that Congress intended, quote, all aliens who are ordered removed by an immigration judge will be able to appeal to the BIA and then raise constitutional and legal challenges in the future, quote, no alien, not even criminal aliens will be deprived of judicial review of such claims, unquote. Congress didn't instruct the courts on how to effectuate that intent in a case like this one. That is a case where an alien had, on the one hand, filed a timely petition for review before the enactment of the REAL-ID Act, yet only to have it dismissed on jurisdictional grounds, and yet on the other hand had not exercised what the Second and Third Circuits regard as an unfettered right to file a petition for a writ of habeas corpus before the enactment of the REAL-ID Act. Consequently, the circuit courts, including this one, are now in the position of having to fashion what I consider to be rules of court. And what about, and you mentioned the Second and Third Circuits, and they did such and they fashioned, essentially created a 30-day window of opportunity. Right. I don't consider that grace period a reasonable one, Your Honor, for a couple of different reasons. I mean, first, the Second and Third Circuits, they did establish a 30-day grace period, but they did so without any advance notice to the affected aliens. As a result, by the So 30 days is the normal time that you have to seek review of a petition. That's true. But that statutory provision, the Second and Third Circuits agree that the 30-day period set forth in the statute doesn't apply to this particular class of individuals. If it did, all these petitions for review would be untimely. So really the question is, what rule That's what happened in the Third Circuit. They applied it. That's right. Turned out it didn't help them. So they won the battle and lost the war. Right. Okay. So And I think that's Your alternative, as I read it, is discontinuation of the indefinite time No. So if 30 isn't, how do we get to a reasonable I don't think 30 days is an unreasonable period of time. My beef with what the Second and Third Circuit did is that they announced that rule, which I, again, regard as a rule of court, and then applied it retroactively. I mean, what should have happened in these cases is that the courts of appeals saw this coming, but, you know, it took a long time for a case like this one to percolate its way up. And so the courts never articulated what the rule should be. So we should articulate it in this case Agreed. You should articulate But then not make it retroactive so it's a one-day, one-person only. No. I think what you should do, in all fairness, for a couple different reasons, including the complexities of the Real ID Act, but in all fairness, you should articulate the rule and give people 30 days from today in order to file a petition for review. The alternative solution to that would be because this case, in this particular case, the individual did file a timely petition for review. He filed it within 30 days of the original deportation order. And none of these other petitioners in the Ruiz-Martinez case or in the Kolkovich case had ever filed a timely petition for review. This case is different from all of those. And so another way to deal with it in this particular case is to treat the second petition that was filed as effective as of the date the original petition was filed, essentially non-protonque, to the date of the original filing. And that would preserve this court's jurisdiction over this case. But as a general rule, again, I have no problem with the 30-day period. My problem is that it seems to me that if the courts of appeals are going to fashion rules of court of this sort, they need to give the affected aliens an opportunity to comply with them. And they can't, the aliens can't comply with those rules if you're going to announce them two years after the period that you're going to second and third circuit rule. It seems to me that that rule violates basic fundamental principles of notice and due process. And if anybody, you know, anybody is going to be concerned about that, it's the courts of appeal. Kennedy. Well, it's not unreasonable, it seems to me, when the statute says you can file petitions for review. And you know that a petition for review is required to be filed in 30 days from the date of the BIA decision. But it doesn't say anything, Your Honor, about the 30-day period. It's not unreasonable to know that you've got 30 days from the passage of the statute. Now, 30 days is your regular period. Right. And now the statute says, okay, you can now file where you couldn't before with the court of appeals. But the statute didn't say that. It's in the legislative history. And everybody agrees that that 30-day period didn't apply. I mean, if we could go back in time, it's really easy to look back in retrospect and say, oh, yeah, you should have filed within 30 days. But if you go back in time and you were looking at the text of the REAL-ID Act, quite frankly, nobody knew how to deal with this at the time. And if you look at what these people did in the Second and Third Circuit, they were just throwing mud against the wall, hoping that something would stick. I mean, none of these people file a timely petition for review. Not a single one of the petitioners in Kolkovich or in Ruiz-Martinez's case filed a petition for review within 30 days of the REAL-ID Act. What they did, the ones who were lucky, is they filed a habeas petition within 30 days. But you know, quite frankly, I would have thought that if you'd filed a habeas petition within 30 days, you would have been looking at sanctions. Because the REAL-ID Act, if it was clear about anything, it was clear that you had no right to file a habeas petition after the enactment of the REAL-ID Act. So there was mass confusion in that 30-day period about how to deal with this. Because on the one hand, the legislative history said, well, these people are going to have a right to obtain judicial review. But it didn't explain in any way how you're supposed to go about doing that. And so ultimately, and from my perspective, the courts had a responsibility at that point. Because ultimately what we're dealing with, it's not a jurisdictional provision, you know, as described in Bowles. What we're really dealing here with are rules of court to deal with these particular cases.  Typically you're going to do that in a published order or a published opinion. But again, it's not fair to issue now a 30-day period and say, well, everybody back then should have known that two years later we were going to promulgate a rule that said you had to do this within 30 days. That's just not fair. And it certainly defies the intent of Congress. Because Congress said, you know, with the enactment of the REAL-ID Act, no alien, not even criminal aliens, will be deprived of judicial review. But if we do what the Second and Third Circuits have done, that's exactly the result. Because you're enacting a rule two years later and saying, well, you guys should have foreseen this. But really, if you look at the text of the REAL-ID Act, and I can tell you at the time there was mass confusion. Nobody knew what to do in this particular situation. It's not fair. Ultimately what happens then is that all these people lose out on what Congress intended, which was that they have a right of judicial review. Do you want to save your last two and a half minutes? Yes, Your Honor. I do want to just very briefly address the equal protection issue and the 212C claim. Because it seems to me the starting point there is Restrepo. And again, you know, our view is that we would adopt Judge Calabresi's analysis and his concurring opinion, arguing that the Restrepo analysis should be adopted on a categorical basis. But I don't think we need that in order to win. Because the only reason that this individual would not be able to avail himself of a Restrepo-type claim is because he didn't commit enough crimes. The reason he's not eligible for Restrepo in the government's view is that he only committed one crime involving moral turpitude. He was charged with three counts. He was just, two of them were dismissed. The third he was convicted of. For that reason, he wasn't deportable. If he had committed two crimes rather than one, if he'd been convicted of two counts rather than one, he would have been deportable. And he would have been able to avail himself of the Restrepo-type claim. There's no way that makes any sense. That's a crazy result, and the Court has to reject it. I'll reserve the balance of my time. Kennedy. Well, counsel thinks it's not fair to adopt a rule now when the statute doesn't tell you when you have to file. What do you think about fairness? Good morning, Your Honor. Patricia Smith representing Respondent Michael McKayse. What's most significant here, Your Honor, is, first of all, the Court doesn't even need to get to the suspension clause issue here. Pursuant to Bowles, the Court should dismiss the petition for review because it was not filed within 30 days of the final order of removal. That's a statutory limitation. This case does not come within it. Therefore, the case gets dismissed. The next step is to say, okay, do we potentially have a suspension clause issue here? Well, we don't. The reason we don't is in order for there to even be the possibility of one, Petitioner would have to have raised cognizant of the legal claims. The Petitioner would have to have raised cognizant of the legal claims. As we've set forth in our brief, that's not the case here. So there's no reason to even get to the suspension clause issue.  The Court's already decided in Puri and Iasu that the suspension clause is not violated by the Real ID Act. Therefore, Petitioner, that doesn't benefit him at all. Moreover, if the Court then gets to the Second and Third Circuits' decisions, they've decided a 30-day period is sufficient, and we would agree with that. But in terms of what we need to look at first, assuming the Court even gets to the looking at the express language in the statute, there's no right for the Petitioner here. That's where the story ends. And then if we go beyond that, we say, does the suspension clause provide an adequate remedy? This Court has already held that it does. And significantly, in Iasu, just as in this case, the final order of removal by the board had been issued more than 30 days prior to when the Real ID Act was enacted. Therefore, in Iasu, just as in here, the Petitioner could not have filed a timely PFR after the timely petition for a review after the Real ID Act was enacted. So what is the answer to counsel's argument that he had to – people had a right to file a habeas petition prior to the passage of the Act? There was no time within which they had to file it. And suddenly there was an act passed. Does that mean they lost their rights totally? Yes, Your Honor. I mean, the right no longer existed. They had a right beforehand. They had an opportunity. They chose not to pursue it. And in Iasu, this Court did not have a problem with that. Petitioners, once the Court issued its mandate denying the initial petition for review,  Well, forget the initial petition for review. Right. He had an unlimited right to file a habeas petition, which was his remedy at the point the Act was passed. Are you saying it was the intent of the Act to suddenly cut all those people off from any remedy? If you look at the Real ID Act, they made specific provisions for aliens who had already filed a habeas petition. And those 10 cases were transferred. I'm not talking about the ones who had filed already, the ones who were waiting to file the next week. Yes, the Real ID Act ended that. Aliens could no longer file it if their time period was up. And that is the express And so what was then what was the form of judicial review that was still open to them? Generally speaking, they would no longer have had a form of judicial review. They could have filed a habeas petition. They should have filed one quickly if they had a legitimate claim, because they knew You're suggesting that the Third Circuit's way out of all of that, you embraced, that it was okay for the Third Circuit to read into the legislation a 30-day window. Is that correct? No, Your Honor. I mean, we would first say if you look at the express I thought you said you would agree with the Second and Third Circuit only if only if you think looking at the statute itself, that it's not expressed there. We believe if you look at the statute, it's expressed because the only exception that the Congress provided for aliens with respect to meeting the 30-day requirement was for those who had a pending habeas petition. So, but that's not how the Third Circuit applied it. No, the Third Circuit and the Second Circuit, their view was that you couldn't tell from the language. And therefore, the question was, is there a fairly So you don't agree with the Third Circuit? That's correct. But if you're honest But you said if we, but I thought in your opening statement, you said there are all these hurdles, but, and we approve of the Second and Third Circuit, but they're not, they don't, that doesn't help them here. If, I'm saying if you get to that point, Your Honor, we would say you shouldn't even get to that point, because the express But if we do get to that point, then we would agree. Then you think it's okay to read it in the way of the Third or Second Circuit or not, do you? I agree, Your Honor, because at that point, I'm sorry, let me, let me make this a little clearer. That was a question. If, if the, if the Court determines that the statutory language is not expressed, or let me put it this way. If the Court determines that there's a potential suspension clause issue, the question becomes, is there another fair reading of the statute to avoid a suspension clause problem? Yes. Now we're with you. Now my question is, you're saying that the Third Circuit wound up doing that. It said 30 days. Unfortunately for the petitioner there, he hadn't filed within 30 days, so he got a construction that didn't ultimately help him. Counsel argues here that that's not fair, because nobody knew at the time that a 30 day window would be created by the courts, and therefore, and in fact, it would have been very difficult to litigate that on a timely basis and get that ruling. I suppose they could have filed a protective piece of paper in the district, district court, and, and preserved the argument within 30 days, but essentially, if we are finding ambiguity in the statute, and like the Third Circuit trying to avoid a suspension clause issue, you aren't giving us much room to navigate there. You're basically saying, yes, you can give them the 30 days. You'll reluctantly give them the 30 days, knowing full well that it won't help anybody. And, Your Honor, that's correct. And the reason being, as the Second and Third Circuit pointed out, to do anything else would give criminal aliens more time to file a petition for review than non-criminal alien, and that is specifically what Congress attempted to stop in the Real ID Act. Furthermore, the aliens were on notice. There's no question that they were on notice once the Real ID Act was enacted. They had 30 days to file a petition for review. They were on notice. Kennedy. What's the point of filing a petition for review, and what's the point of filing a habeas petition when you know that it's the wrong court in the wrong place and it's just going to have to be sent up to the court of appeals? Why not file a petition for review within that period? What I was saying, Your Honor, was they should – if you're going to give them a 30-day window, yes, a petition for review is what they should be filing, as opposed to a habeas petition, because the statute makes clear that habeas jurisdiction no longer existed with respect to challenges to final orders of removal. Well, that to me makes more sense than filing a habeas petition, but it still doesn't answer the question of whether that's fair to people who can't find out in the statute that that's what they're supposed to do. There's nothing that tells you when you have to file either your habeas petition once we're going to extend beyond the statutory period, or if you transform that into a petition for review, whether the time limit for petitions for review applies from the date of the statute or whether you treat it as if at the same time you'd have for a habeas. Your Honor, aliens are well aware – excuse me – that generally speaking, there's 30 days to file a petition for review. Yes, with respect to habeas jurisdiction, they had a longer period of time, but again, they should have done that fairly quickly, because if they didn't and they were subject to removal and got removed, they could no longer file a habeas petition at all. Once the REAL ID Act came along and cut off habeas, there's no question they should have known not only did the statute say, but the 30-day period is what they had before. I'd like to – you speak very rapidly. You know, your idea should be to communicate to us, not just rattle on. I apologize, Your Honor. So slow down. But I want to pinpoint where you think the 30 days comes from. Where is it? We think the language of the statute is expressed, and that 30 period – He said it wasn't in the statute. Is it in the statute? What the statute specifies, the only exception – 242 – No, please answer me. Is it in the statute? The statute provides that you have 30 days to file a petition for review in the Immigration and Nationality Act. In the REAL ID Act, the only exception provided to that is for aliens who had filed a habeas petition prior to the REAL ID Act. Pursuant to St. Cyr, in terms of looking at retroactivity or land graph, what you look at is the expressed language of the statute or by necessary implication. Here, the only exception provided was for those aliens who had filed a habeas petition already, and that is not what the situation was here. So if you were in the position of this petitioner, what did the statute clearly tell you to do? You no longer had a right – You were out. You were gone. You had no judicial review. That's correct, Your Honor. But you previously had an adequate opportunity. And this Court in Oasu and Puri has already said that it was an adequate remedy that was provided by the REAL ID Act. I know my time is up. If I may just briefly touch on the other issues just to indicate, particularly with respect to the equal protection claim, our position is that was raised only in the reply brief. Therefore, that's an abandoned claim, cannot be reviewed. If the Court is going to consider it, then we would request supplemental briefing on it. But we do believe that case fails. But in any event, we don't believe the Court needs to reach the suspension clause issues at all, because the petitioner has not raised cognizable legal or constitutional claims here. And we – and the Court does not have to get to the issues relating to a suspension clause in this case. Thank you, Kath. I think it's interesting that even the United States government, with all of its resources, didn't anticipate that an alien could preserve his rights to judicial review under the REAL ID Act by filing a petition within 30 days. Their view has all along been that, no, that wouldn't protect your rights. So I find it sort of difficult to see how the Court should anticipate that an alien, often unrepresented by counsel, would have had greater presence of mind in interpreting the statute than the United States government. It doesn't seem to me that it takes genius to – It doesn't take a genius, Your Honor. To look at the statute and see – But it's not in the statute. You might want to let him finish his question. Yes, Your Honor. And see that you now have to file petitions for review instead of habeas petitions. No. You would have to file – I mean, I agree that that's a proper inference. But the problem is, Your Honor, that according to the government and the way it was being interpreted at the time, the time for filing a petition for review in cases like this had already passed. No, I'm not getting to that. I'm saying the statute let you know that from now on you don't file habeas petitions. You file petitions for review. Correct. Okay. Well, if you file petitions for review, the normal period for filing petitions for review is 30 days. From the order of removal. 30 days. So if you get more than 30 days from the time the decision was made, it would be 30 days from the time the statute was passed. You don't get an unlimited period. Well, that's easy for you to say as a circuit court judge who, you know, has many years of experience and a lot. Even if I were just a lawyer, I might be able to figure that out. Well, very few lawyers did it, let's just say that. In none of the published cases have we found anybody who's done it. Well, that's the problem. That is the problem. And that, I think, illustrates. But you have a choice between an unlimited period of time and 30 days when the normal rule is 30 days. Well, again, I think you have two solutions. The 30-day rule, I've got no problem with that, but I think the Court has to give people advance notice. I think if the BIA had adopted a procedural rule like this two years after the fact and then said, well, faulted aliens for not complying with it, this Court would have no problem saying that that violates due process. Under your rule, this statute was passed, what, in 2005? 2005. So now you think people should have three years plus 30 days. Well, that is just the ñ yes, I do. But the reason for that, Your Honor, is not because of anything that these aliens have done. It's because the court process has moved slowly, and the Federal courts have taken two years or more to articulate what the rule should be. And I frankly don't think the aliens should pay the price for that. I do just want to make ñ whether the statute's fair or not is a different question. Whether Congress was fair in its immigration statutes is a serious question. Whether it's the court's fault or not is another question. Well, I'm not saying it's the court's fault. I think it's just the normal course of business that these things take a long time to percolate up through the courts. And it's taken this long for this case to get here so that the court can issue an And that's the reality. And we have to deal with that reality because up until the time the court publishes this order, people haven't known really what their rights were. So they thought they had three years plus 30 days. No, many of them probably adopted the government's position that they had no remedy at all because that's the position of the United States government. And a lot of people probably believe that that position was correct. And it's up to this court to say, no, that's not the correct position. You do have rights under the REAL ID Act. It's not an unlimited period of time, but you get 30 days to file. But they have to have advance notice that the government's position, the position that they've been taking on every one of these cases, is incorrect. It's an incorrect reading of the statute. And only this court can tell people that the government's reading of the statute is wrong. I do want to make one other quick point because the government, I know I'm out of time, but the government relies on PURI. And the PURI case I found very confusing because I thought that actually did help the government. But then I got the file and I looked at the decision in that case. And it's not clear the decision from the BIA in that case, which is not reflected in the court's decision. The decision in that case was actually rendered after the REAL ID Act. The decision from the BIA came out July 6, 2005. That's not a case involving the suspension clause because that person had 30 days from that date to make his claim, file a petition for review. There's nothing inhibiting him from doing so. PURI is completely unrelated to this case. And the same thing about Iusu. That person also had the opportunity to directly appeal to the Court of Appeals. Instead, he waived his right of appeal at the BIA and never filed a petition for review, even though he wasn't a criminal alien and even though he had the right to do so. And also the remedy that the court devised in that case was telling him that he could file a motion to reopen at the BIA. We don't have that luxury. If you look at the regulations, an alien who's been deported from the United States can't make a motion to reopen once he's gone. And this guy's been deported. So under the regulations, he doesn't have the opportunity, as this Iusu did, of making a motion to reopen. Our remedy rests with this court, or we've got no remedy at all. If there are no further questions, I'll take a seat. Thank you. Thank you, counsel. Thank you both. The case will now be submitted. The next case on the calendar is Huizar v. Woodford.
judges: Reinhardt, Noonan, Fisher